JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CAMERON COUNTY HIDALGO
HIDALGO COUNTY et. al.

## DEFENDANTS
DONALD EVANS, SECRETARY OF THE
DEPARTMENT OF COMMERCE AND THE
UNITED STATES DEPARTMENT OF COMMERCE

(b) County of Residence of First Listed Plaintiff  *CAMERON*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

United States District Court
Southern District of Texas
FILED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rolando L. Rios
115 E. Travis, Ste 1024
San Antonio, Texas 78205

Attorneys (If Known)

B-01-° 821          MAY 10 2001

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability Liability ☐ 340 Marine **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product ☐ 370 Other Fraud Liability ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Property Damage Product Liability ☐ 385 Property Damage | **SOCIAL SECURITY** | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury Product Liability | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 865 RSI (405(g)) | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination Under Equal Access to |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | **FEDERAL TAX SUITS** | ☐ 790 Other Labor Litigation | Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** Accommodations ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 791 Empl. Ret. Inc. | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty | | Security Act | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | | |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
ADMINISTRATIVE PROCEDURES ACT; 5USC sec. 551 et seq. And the CENSUS ACT, 13 USC sec/
195 & the 14th Amendant, US Constitution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)  (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE  *May 10, 2001*
SIGNATURE OF ATTORNEY OF RECORD  *Rolando L. Rios*

FOR OFFICE USE ONLY

1

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 0 2001

Michael N. Milby
Clerk of Court

CAMERON COUNTY, TEXAS;
HIDALGO COUNTY, TEXAS; CITY OF
BROWNSVILLE, TEXAS; CITY OF
McALLEN, TEXAS;  CITY OF
HARLINGEN, TEXAS; CITY OF SAN
BENITO, TEXAS; CITY OF LA FERIA,
TEXAS; CITY OF PORT ISABEL,
TEXAS; CITY OF SANTA ROSA,
TEXAS; CITY OF SOUTH PADRE,
TEXAS; CITY OF LAGUNA VISTA,
TEXAS;CITY OF LOS FRESNOS,
TEXAS; CITY OF LOS INDIOS,
TEXAS;  CITY OF PRIMERA, TEXAS;
CITY OF RANCHO VIEJO, TEXAS;
CITY OF RIO HONDO, TEXAS;  CITY
OF COMBES, TEXAS;  TEXAS; CITY
OF INDIAN LAKE, TEXAS; CITY OF
ALAMO, TEXAS; CITY OF ALTON,
TEXAS; CITY OF  DONNA, TEXAS;
CITY OF EDCOUCH, TEXAS; CITY OF
EDINBURG, TEXAS; CITY OF ELSA,
TEXAS; CITY OF GRANJENO,
TEXAS; CITY OF LA JOYA, TEXAS;
CITY OF LA VILLA, TEXAS; CITY OF
MERCEDES, TEXAS; CITY OF
MISSION, TEXAS; CITY OF
PALMVIEW, TEXAS; CITY OF
PENITAS, TEXAS; CITY OF PHARR,
TEXAS; CITY OF PROGRESSO,
TEXAS; CITY OF PROGRESSO LAKE,
TEXAS; CITY OF SAN JUAN, TEXAS;
CITY OF SULLIVAN CITY, TEXAS;
CITY OF WESLACO, TEXAS;
GILBERTO HINOJOSA, individually and
in his official capacity County Judge of
Cameron County, Texas; JOSE ELOY
PULIDO, individually and in his official
capacity as the County Judge of Hidalgo
County,

        Plaintiffs,

**ORIGINAL  COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF**

**CIVIL ACTION**

Case No:   **B - 01 - 082**

I

v.

DONALD EVANS, SECRETARY OF
THE DEPARTMENT OF COMMERCE,
in his official capacity; and UNITED
STATES DEPARTMENT OF
COMMERCE,

                        Defendants.

Cameron County, Texas; Hidalgo County, Texas; City of Brownsville, Texas; City of McAllen, Texas; City of Harlingen, Texas; City of San Benito, Texas; City of La Feria, Texas; City of Port Isabel, Texas; City of Santa Rosa, Texas; City of South Padre, Texas; City of Laguna Vista, Texas; City of Los Fresnos , Texas; City of Los Indios, Texas; City of Primera, Texas; City of Rancho Viejo, Texas; City of Rio Hondo, Texas; City of San Benito, Texas; City of Combs, Texas; City of Los Indios, Texas; City of Indian Lake, Texas; City of Alamo, Texas; City of Alton, Texas; City of Donna, Texas; City of Edcouch, Texas; City of Edinburg, Texas; City of Elsa, Texas; City of Granjeno, Texas; City of La Joya, Texas; City of La Villa, Texas; City of Mercedes, Texas; City of Mission, Texas; City of Palmview, Texas; City of Penitas, Texas; City of Pharr, Texas; City Progresso, Texas; City of Progresso Lake, Texas; City of San Juan, Texas; City of Sullivan City, Texas; City of Weslaco Texas; Gilberto Hinojosa, County Judge of Cameron County and Jose Eloy Pulido, County Judge of Hidalgo County (collectively, "Plaintiffs") allege:

## JURISDICTION AND VENUE

1. This Complaint stems from the actions of the Defendants who have refused to release adjusted census numbers that would take into consideration the undercount of Hispanics.  In refusing to release the adjusted census numbers, the Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq. ("APA"), and a

2

provision of the Census Act, 13 U.S.C. § 195.   The latter requires the use of statistically adjusted census data, if feasible, for all purposes other than apportionment of the House of Representatives.   The Plaintiffs seek declaratory and injunctive relief against Secretary of Commerce Donald Evans and the Department of Commerce as a result of the promulgation of an invalid rule and the issuance of an unlawful decision to release unadjusted census data. 5 U.S.C. §§ 553, 701-706; 28 U.S.C. §§ 2201, 2202.

2. Further, the Defendants are the executive and legislative officers charged with conducting the 2000 census.  As such, the Defendants are constitutionally charged with performing an "actual Enumeration" of the people of the United States every ten years.  See U.S. Const. Art. 1, § 2. cl.3 and the Census Act, 13 U.S.C. § 1 *et seq*.  As census officials, one of the most important functions that the Defendants perform is to determine the official population  base for Cameron and Hidalgo County and the cities within the counties. Congress relies on the census for purposes of allocating federal funds under various federal programs.  Hispanics have again, as they were in the 1990 Census, been undercounted in higher percentages than other racial groups by the Census Bureau.  This disparate treatment of the Hispanic community will result, as it did in the 1990's and continues today, in the loss of federal funds in higher percentages than other racial groups resulting in a violation of the 14th Amendment and the Due Process and Equal Protection Clause of the Fifth Amendment.

3.  Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

4.  Plaintiff Cameron County, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the

3

traditional methods used to collect the data.  Its population was undercounted in the 2000 census, by the Defendants own estimates,  by at least  10,978 persons, or 3.27% of the total population in the  Brownsville-Harlingen-San Benito MSA..  Cameron County's internal undercount estimate for  Cameron County alone is 22,407.  Because of the differential undercount in the 2000 Census, the Cameron County area will be shortchanged approximately $75,982,137 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.    Accordingly, Cameron County is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

5.  Plaintiff Hidalgo County, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted in the 2000 census, by the Defendants own estimates, by at least  23,546 persons, or 4.26% of the total population in the McAllen-Edinburg-Mission MSA; Hidalgo County's internal estimates are much higher than the Census Bureau's estimates.  Nevertheless, using of the differential undercount in the 2000 Census, the Hidalgo County area it will be shortchanged approximately $79,844,486  million in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.    Accordingly, Hidalgo County is suffering legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

4

6. Plaintiff City of Brownsville, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted in the 2000 Census by at least  11,514 persons, or 7.6% of the total population in the Brownsville. Because of the differential undercount in the 2000 Census, the City of Brownsville will loose $3,391 per person, or approximately $39,043,974 ($3,391 x 11,514) in federal funds and millions more in state funds over the next decade than it would received had an  accurate census been done.    Accordingly, the City of Brownsville is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

7. Plaintiff City of McAllen, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result  in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.    Accordingly, the City of McAllen is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

8. Plaintiff City of Harlingen, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 868 persons, or 1.5% of the total population in the Harlingen. Because of the differential undercount in the 2000 Census, the City of Harlingen will loose $3,391 per person, or approximately $ 2,943,388 ($3,391 x 868) in federal funds and millions more in state funds over the next decade than it would received had accurate census been done. Accordingly, the City of Harlingen is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

9. Plaintiff City of San Benito, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 2,408 persons, or 9.3% of the total population in the City of San Benito. Because of the differential undercount in the 2000 Census, the City of San Benito will loose $3,391 per person, or approximately $8,165,528 ($3,391 x 2,408) in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of San Benito is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

6

10. Plaintiff City of La Feria, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 558 persons, or 8.4% of the total population in the City of La Feria. Because of the differential undercount in the 2000 Census, the City of La Feria will loose $3,391 per person, or approximately $1,892,178 ($3,391 x 558) in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.

Accordingly, the City of La Feria is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

11. Plaintiff City of Port Isabel, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 625 persons, or 11.4% of the total population in the City of Port Isabel. Because of the differential undercount in the 2000 Census, the City of Port Isabel will loose $3,391 per person, or approximately $2,119,375 ($3,391 x 625) in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.

Accordingly, the City of Port Isabel is a suffering legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released

for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

12. Plaintiff City of Santa Rosa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Santa Rosa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

13. Plaintiff City of South Padre, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of South Padre, Texas is a suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

14. Plaintiff City of Laguna Vista, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Laguna Vista, Texas is a suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

15. Plaintiff City of Los Fresnos, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Los Fresnos, Texas is a suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

16. Plaintiff City of Los Indios, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Los Indios, Texas is a suffering a legal wrong and is an aggrieved party as a result of the

9

unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

17. Plaintiff City of Primera, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Primera is a suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

18. Plaintiff City of Rancho Viejo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Rancho Viejo, Texas is a suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

19. Plaintiff City of Rio Hondo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 687 persons, or 26.1% of the total population in the City of Rio Hondo. Because of the

10

differential undercount in the 2000 Census, the City of Rio Hondo will loose $3,391 per person, or approximately $2,329,617 ($3,391 x 625) in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.

Accordingly, the City of Rio Hondo, Texas is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

20. Plaintiff City of Combes, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, by at least 1,366 persons, or 34.9% of the total population in the City of Combes. Because of the differential undercount in the 2000 Census, the City of Combes will loose $3,391 per person, or approximately $4,632,106 ($3,391 x 1,366) in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Comb is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

21. Plaintiff City of Indian Lake, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has

11

resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done    Accordingly, the City of Indian Lake is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

22. Plaintiff City of Alamo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done Accordingly, the City of Alamo is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

23. Plaintiff City of Alton, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done   Accordingly, the City of Alton is suffering

CMAPDF - www.texiss.com

a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

24. Plaintiff City of Donna, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done    Accordingly, the City of Donna is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

25. Plaintiff City of Edcouch, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done    Accordingly, the City of Edcouch is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

13

26. Plaintiff City of Edinburg, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done     Accordingly, the City of Edinburg is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

27. Plaintiff City of Elsa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Elsa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

28. Plaintiff City of Granjeno, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would

14

received had an accurate census been done. Accordingly, the City of Granjeno is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

29. Plaintiff City of La Joya, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done Accordingly, the City of La Joya is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

30. Plaintiff City of La Villa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was also undercounted which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done Accordingly, the City of La Villa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

15

31. Plaintiff City of Mercedes, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.  Accordingly, the City of Mercedes is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

32. Plaintiff City of Mission, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.   Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.   Accordingly, the City of Mission is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

33. Plaintiff City of Palmview, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would

received had an accurate census been done.   Accordingly, the City of Palmview is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

34. Plaintiff City of Penitas, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.   Accordingly, the City of Penitas is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

35. Plaintiff City of Pharr, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.   Accordingly, the City of Pharr is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

36. Plaintiff City of Progresso, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.   Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.   Accordingly, the City of Progresso is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

37. Plaintiff City of Progresso Lake, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.   Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.   Accordingly, the City of Progresso Lake is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

38. Plaintiff City of San Juan, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.   Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would

received had an accurate census been done.    Accordingly, the City of San Juan is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

39. Plaintiff City of Sullivan City, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done Accordingly, the City of Sullivan City is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

40. Plaintiff City of Weslaco, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population resulting from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.    Its population was also undercounted which has resulted and will continue to result in the loss of  federal and state funds over the next decade than it would received had an accurate census been done.    Accordingly, the City of Weslaco is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.  .

19

41. Plaintiff Gilberto Hinojosa is the County Judge and as such is the  presiding officer of the Cameron County Commissioners Court. He resides in  Cameron County. Judge Hinojosa represents a majority-minority county, many of the residents of which are likely to be missed by the traditional enumeration methods used by the Census.  As an elected official and policy maker, he has an interest and a right in accurate census data being made available for federal and state funding purposes.  Judge Hinojosa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

42. Plaintiff Jose Eloy Pulido is the County Judge and as such is the  presiding officer of the Hidalgo County Commissioners Court. He resides in  Hidalgo County.  Judge Pulido represents a majority-minority county, many of the residents of which are likely to be missed by the traditional enumeration methods used by the Census.  As an elected official and policy maker, he has an interest and a right in accurate census data being made available for federal and state funding purposes.  Judge Pulido is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of defendants Secretary Evans and the Department of Commerce and has a substantial interest in having statistically adjusted census data released for the purposes of disbursement of state and federal funds that are distributed on the basis of population.

43. Defendant Donald Evans is the Secretary of the Department of Commerce.

44. Defendant Department of Commerce is a federal agency.  The Bureau of the Census, which has the specific task of implementing the 2000 Census, is under the control of the Department of Commerce and Secretary Evans.

20

## GENERAL ALLEGATIONS

### Defendants Revoked Portions of 15 C.F.R. Part 101 Without
### Notice and Comment

45.  Two unlawful actions taken by Secretary Evans and the Department of Commerce are the subject of this litigation.  First, Secretary Evans unlawfully promulgated a final rule on February 16, 2001 ("Evans Rule") purporting to revise and revoke, in part, 15 C.F.R. Part 101. Second, on March 6, 2001 Secretary Evans, without authority, decided not to release statistically adjusted census data in violation of 13 U.S.C. § 195, which requires, if feasible, the release of statistically adjusted census data for all purposes other than the apportionment of the House of Representatives.

46. On February 16, 2001, Donald Evans, the newly appointed Secretary of Commerce, issued a rule, without notice and comment, revoking the delegation of authority to the Director of the Census to make the final determination whether statistically adjusted figures should be released to the States and localities for redistricting purposes.  The Evans Rule also removes 15 C.F.R. Part 101.2 in its entirety.  Part 101.2(b) guaranteed that statistically adjusted census data would be released to the public even if the Director of the Census decided against its release.  The Evans Rule, while immediately impacting the redistricting process, has had the effect of denying the Plaintiffs critical information needed for federal and state funding purposes.

47. Promulgation of the Evans Rule is final agency action for the purposes of the Administrative Procedure Act, and is now effective after having been published in the Federal Register on February 23, 2001.

48. Pursuant to the Evans Rule, on March 6, 2001 Secretary Evans decided that the unadjusted Census data would be released and that the undercount figures would not be released.

49. The Evans Rule is a substantive, or legislative, rule that requires that it be subject to a notice and comment period before it is promulgated and becomes effective. Moreover, the existing regulations at 15 C.F.R. 101 that the Evans Rule purports to revoke are substantive, or legislative, rules that cannot be revoked until such revocation has been subject to a notice and comment period. There was no notice and comment period at all; Secretary Evans unilaterally issued a final rule that became effective upon publication in the Federal Register.

**Defendants' Decision To Not Release Statistically Adjusted Census Data Violates The Constraints Congress Placed On The Decision-maker's Discretion To Determine Whether Or Not To Release Statistically Adjusted Census Data.**

50. Pursuant to 13 U.S.C. § 195, except for apportionment of the House of Representatives, "the Secretary [of Commerce] shall, if he considers it feasible, authorize the use of the statistical method known as 'sampling' in carrying out the provisions of this title." Thus, if it is feasible to use statistically adjusted census data, the Secretary is mandated by Congress to do so.

51. On March 1, 2001, pursuant to the Evans Rule, a committee of Senior Census Bureau career professionals (the "ESCAP") released its report on the methodology to be used in producing the tabulations of population to be reported to the States and localities under 13 U.S.C. §141(c). At the request of the Director of the Census Bureau, ESCAP also included in its report a recommendation as to whether adjusted census data should be released for the purposes of redistricting and has not released the data for funding purposes.

52. In its report, ESCAP concluded "[a]fter careful consideration of the data . . . that there is considerable evidence to support the use of adjusted data, and that Census 2000 and A.C.E. operations were well designed and conducted." Further, ESCAP stated that A.C.E. was an "efficient and effective operation that produced high quality data. All major programs in the

census were completed on schedule and within budget, and design improvements in both the Census 2000 and A.C.E. produced measurably better results."

53. Nonetheless, ESCAP recommended against the use of adjusted census data for redistricting. Rather than constrain its inquiry into whether or not to release adjusted data solely on the basis of whether it was feasible to do so, as commanded by Section 195, ESCAP applied the wrong standard. It based its recommendation on the mistaken belief that the standard governing the decision was that unadjusted data should be released unless it could conclude to a certainty and beyond doubt that adjusted data would be more accurate. ESCAP reasoned that it was "unable to conclude, based on the information available at this time, that the adjusted census data are more accurate for redistricting." ESCAP was very clear that its recommendation was "in no way a reflection of the weakness in data quality or in the quality of staff work." But since it could not put to rest all "possible issues" on some aspects of the A.C.E. results, ESCAP incorrectly concluded that it could not make a "determination at this time that the adjusted data are more accurate" than the unadjusted census data, which ESCAP concedes still suffer from a significant differential undercount of minorities, immigrants, renters and children.

54. On March 1, 2001, William Barron, Acting Director of the Census Bureau, concurred in and adopted ESCAP's recommendation, and forwarded his recommendation and the ESCAP report and recommendation to Secretary Evans. He, too, failed to apply or misapplied the "feasible" standard in recommending against the release of statistically adjusted census data.

55. On March 6, 2001, Secretary Evans issued his final decision to not release statistically adjusted census data. Evans announced that, after consulting with others, he concluded that the recommendation of ESCAP and the Acting Director of the Census was "correct and prudent." He did not make his decision based on the "feasible" standard established in Section 195.

23

56. The A.C.E. was completed on time and within budget. It was deemed an operational and methodological success, and it produced high quality data. Moreover, in order to conduct the analysis contained in the ESCAP report, adjusted data on the state, county and block levels had to have been generated. Neither Secretary Evans, nor Acting Director Baron, nor ESCAP ever concluded that unadjusted data was more accurate than adjusted data, or that release of adjusted data was not feasible. Plainly, it was feasible to release adjusted census data as the official census data for the population tabulations called for in 13 U.S.C. §141(c).

57. Defendants' decision to not release statistically adjusted data was based on the erroneous presumption, contrary to law, that unadjusted census data must be released unless it can be demonstrated beyond doubt that adjusted census data are more accurate. Section 195's mandate is entirely different: adjusted census data must be released if "feasible."

### Disparate Treatment Violates Equal Protection.

58. In 1990 the Defendants undercounted minorities in higher percentages than nonminorities. For non-Hispanic whites the undercount was only 1.4% as compared to 5.1% for members of minority groups, the vast majority of whom were non-Hispanic blacks and Hispanics.

59. In Texas, non-Hispanic whites comprised 61% of the state's uncorrected population, whereas members of all minority groups combined comprised 39%. In contrast, non-Hispanic whites comprised 30% of the state's undercounted population, whereas members of all minority groups comprised 70%. In numerical terms, the undercount consisted of 147,770 nonHispanic whites and 338,258 members of minority groups.

60. Unless reversed, Defendants' discriminatory undercount of Hispanic persons will continue to deprive Plaintiffs of their fair and intended share of federal funding and will skew the allocation of revenues. Accordingly, by excluding thousands of Hispanics, Defendants

24

have deprived Plaintiffs of the resources they are intended and entitled to receive.

**CLAIMS FOR RELIEF**
**COUNT I**
**(Declaratory and Injunctive Relief)**
**Failure to Follow The Notice and Comment Requirements of the APA**

61. Plaintiffs incorporate as if set forth in full herein paragraphs 1- 60.

62. Revocation of existing and duly promulgated provisions of 15 C.F.R. Part 101 without the requisite notice and opportunity to comment constitutes an action taken without observance of procedure required by law. Further, it is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

63. Promulgation of the Evans Rule without conducting the requisite notice and opportunity to comment constitutes an action taken without observance of procedure required by law. Further, it is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

64. Plaintiffs are aggrieved by the violations of law alleged herein. Unless the Court issues a declaratory judgment resolving the legal issues with respect to the violations alleged, Plaintiffs will be substantially injured. Plaintiffs have no prompt, adequate and effective remedy at law and this action is the only means available to them for protection of their rights.

CUtePDF - www.fecito.com

**COUNT II**
**(Declaratory and Injunctive Relief)**
**Decision made without Authority and Outside the Scope of Discretion Afforded to the Agency by Congress**

65. Plaintiffs incorporate as is set forth in full herein paragraphs 1- 60.

66. Secretary Evans did not have the authority to make the decision whether or not to release statistically adjusted census data because that authority had been delegated to the Director of the Census pursuant 15 C.F.R. Part 101, which despite Secretary Evans' purported revocation, was still valid and binding on the defendants. The making of this decision by him without authority is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

67. Further, in making this decision, Secretary Evans ignored the constraints placed on his discretion (or that of his delagee) by Congress as set forth in 13 U.S.C. §195, which requires that census data adjusted through statistical sampling must be released if feasible. Instead, Secretary Evans applied the erroneous standard that adjusted census data could be released only if it was proven beyond doubt to be more accurate than unadjusted census data. His decision to not release statistically adjusted census data is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

68. Plaintiffs are aggrieved by the violations of law alleged herein. Unless the Court issues a declaratory judgment resolving the issues with respect to the violations alleged,

Plaintiffs will be substantially injured. Plaintiffs have no prompt, adequate and effective remedy at law and this action is the only means available to them for protection of their rights.

## COUNT III
### (Declaratory and Injunctive Relief)
### The Disparate undercount punishes minorities in violation of Equal Protection

69. Plaintiffs reallege paragraphs 1- 60 as if set forth herein.

70. Defendants' undercount of minority persons constitutes government action that arbitrarily discriminates among similarly situated classes of persons and thereby violates the constitution guarantee of equal protection. In particular, the principal of equal protection prohibits the government from "discriminat[ing] between categories of qualified voters in a way that … is wholly arbitrary." *O'Brien v. Skinner*, 414 U.S. 524,530 (1970).

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for preliminary and permanent injunctions, and demand declaratory judgment against the defendants as follows:

a) Declaring that the Evans Rule is invalid because it was not promulgated with notice and comment, as required under the Administrative Procedure Act, is arbitrary and an abuse of discretion and is, therefore, null and void and of no effect;

b) Declaring that Secretary Evans did not have the authority to make the final decision whether or not to release statistically adjusted census data;

c) Declaring that it is feasible to release statistically adjusted census data, and, therefore, pursuant to 13 U.S.C. § 195 such statistically adjusted census data must be released and deemed official census data for federal funding purposes;

d) Enjoining the defendants from withholding the undercount figures for the jurisdictions

27

named as Plaintiffs in this lawsuit;

e) A final judgment that adjusted census data or more accurate data developed in this proceeding, not unadjusted census data, shall be regarded as the official census data for federal and state funding purposes;

f) Awarding costs, expenses and fees, including attorney's fees, incurred in this litigation; and

g) Ordering such further relief as the Court may deem just and proper.

Dated:  May 10, 2001

Respectfully Submitted

_____

ROLANDO L. RIOS
SBN: 16935900
GEORGE KORBEL
LAW OFFICE OF ROLANDO L. RIOS
MILAM BUILDING
115 East Travis,  Suite 1024
San Antonio, Texas 78205
210-222-2102
210-222-2898 fax
rios@world-net.net

JOSE GARZA
SBN:  07731950
1913 Fordham
McAllen, Texas 78504
956-928-0088
garzpalm@aol.com

28

ATTORNEYS IN CHARGE FOR PLAINTIFFS

C. DOUGLAS WRIGHT
SBN: 22024100
RICHARD O. BURST
SBN: 00785586
Legal Division Commissioners Court
Cameron County Courthouse
964 E. Harrison St.
Brownsville, Texas 78520
956-550-1345
956-550-1345fax
igonzales@co.cameron.tx.us

LOCAL COUNSEL FOR CAMERON COUNTY

GARY GURWITZ
SBN: 08631000
ADRIANA H. CARDINAS
SBN: 24001836
ATLAS & HALL L.L.P.
P.O. Box 3725
McAllen, Texas 78502-3725
956-682-5501
956-686-6109 fax
ahc@world-net.net

OF COUNSEL FOR HIDALGO COUNTY

JAMES E. DARLING
SBN: 05386000
McAllen City Attorney
P.O. Box 220
McAllen, Texas 78505-0220
956-972-7000
956-972-7138 fax
OF COUNSEL FOR THE CITY OF McALLEN

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

29

Case 1:01-cv-00082   Document 1   Filed in TXSD on 05/10/2001   Page 31 of 32

# United States District Court

SOUTHERN —————— **DISTRICT OF** —————— TEXAS

## BROWNSVILLE DIVISION

CAMERON COUNTY, TEXAS; HIDALGO
COUNTY, TEXAS; et. al.
      Plaintiffs,

**V.**

DONALD EVANS, SECRETARY OF THE DEPARTMENT
OF COMMERCE and THE UNITED STATES
DEPARTMENT OF COMMERCE,

      Respondents.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-01-082**

TO: (Name and address of defendant)

The United States Department of Commerce, Tenth and Constitution Ave., N.W.  Washington, D.C.
20530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

DATE  5-10-01

CLERK

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN ———————— DISTRICT OF ———————— TEXAS

BROWNSVILLE DIVISION

CAMERON COUNTY, TEXAS; HIDALGO
COUNTY, TEXAS; et. al.
     Plaintiffs,

       **V.**

DONALD EVANS, SECRETARY OF THE DEPARTMENT
OF COMMERCE and THE UNITED STATES
DEPARTMENT OF COMMERCE,

     Respondents.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-01-082**

TO: (Name and address of defendant)

The Honorable Donald Evans, United States Secretary of Commerce, Tenth and Constitution Ave.,
N.W.  Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after
service.

Michael N. Milby, Clerk

_____
CLERK

5-10-01

_____
DATE

_____
(BY) DEPUTY CLERK