7


United States District Court
Southern District of Texas
FILED

AUG 2 4 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, et al. | ) | |
| **Plaintiffs** | ) | |
| v. | ) | **C.A. No. B-01-82** |
| | ) | |
| DONALD EVANS, SECRETARY OF | ) | |
| COMMERCE, in his official capacity; | ) | |
| and the UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, | ) | |
| **Defendants** | ) | |

## <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Cameron County, Texas; Hidalgo County, Texas; City of Brownsville, Texas; City of

McAllen, Texas; City of Harlingen, Texas; City of San Benito, Texas; City of La Feria,

Texas; City of Port Isabel, Texas; City of Santa Rosa, Texas; City of South Padre, Texas;

City of Laguna Vista, Texas; City of Los Fresnos, Texas; City of Indios, Texas; City of

Primera, Texas; City of Rancho Viejo, Texas; City of Rio Hondo, Texas; City of

Combes, Texas; City of Indian Lake, Texas; City of Alamo, Texas; Texas; City of Alton,

Texas; City of Donna, Texas; City of Edcouch, Texas; City of Edinburg, Texas; City of

Elsa, Texas; City of Granjeno, Texas; City of La Joya, Texas; City of La Villa, Texas;

City of Mercedes, Texas; City of Mission, Texas' City of Palmview, Texas; City of

Penitas, Texas; City of Pharr, Texas; City of Progresso, Texas; City of Progresso Lake,

Texas; City of San Juan, Texas; City of Sullivan, Texas; City of Weslaco, Texas; and

City of Hidalgo allege:

violation of the 14th Amendment and the Due Process Clause and Equal Protection Clause of the Fifth Amendment.

3. Venue is proper in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Cameron County, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in the 2000 Census, by the Defendants own estimates, by at least 10,978, or 3.27% of the total population in the Brownsville-Harlingen-San Benito MSA. Cameron County's internal undercount estimate for Cameron County alone is 22,407. because of the differential undercount on the 2000 Census, the Cameron County area will be shortchanged approximately $75,982,137 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly. Cameron County is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

5. Plaintiff Hidalgo County. Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in

3

the 2000 Census, by the Defendants own estimates, by at least 23,546, or 4.26% of the total population in the McAllen-Edinburg-Mission MSA. Hidalgo County's internal undercount estimate for Hidalgo County is much higher than the Census Bureau's estimates. Due to the differential undercount on the 2000 Census, the Hidalgo County area will be shortchanged approximately $79,844,486 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, Hidalgo County is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

6.  Plaintiff City of Brownsville, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in the 2000 Census, by the Defendants own estimates, by at least 11,514, or 7.6% of the total population in the City of Brownsville. Due to the differential undercount on the 2000 Census, the City of Brownsville will be shortchanged approximately $39,043,974 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Brownsville is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

4

purposes of disbursement of federal and state funds that are distributed on the basis of population

7. Plaintiff City of McAllen, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted which has resulted and will continue to result in the loss of federal and state funds over he next decade than it would received had an accurate census been done. Accordingly, the City of McAllen is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

8. Plaintiff City of Harlingen, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in the 2000 Census by at least 868 persons, or 1.5 % of the total population of the City of Harlingen. Due to the differential undercount on the 2000 Census, the City of Harlingen will be shortchanged approximately $2,943.388 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Harlingen is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of

5

CtMPDF - www.fastio.com

Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

9.  Plaintiff City of San Benito. Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted in the 2000 Census by at least 2,408 persons. or 9.3% of the total population of the City of San Benito.  Due the differential undercount on the 2000 Census, the City of San Benito will be shortchanged approximately $8,165.528 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done.  Accordingly, the City of San Benito is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

10. Plaintiff City of La Feria. Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted in the 2000 Census by at least 558 persons. or 8.4% of the total population of the City of La Feria.  Due to the differential undercount on the 2000 Census, the City of La Feria will be shortchanged approximately $1.892,178 in federal funds and

millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of La Feria is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

11. Plaintiff City of Port Isabel, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in the 2000 Census by at least 625 persons, or 11.4% of the total population of the City of Port Isabel. Due the differential undercount on the 2000 Census, the City of Port Isabel will be shortchanged approximately $2,119,375 in federal funds and millions more in state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Port Isabel is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

12. Plaintiff City of Santa Rosa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was

undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Santa Rosa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

13. Plaintiff City of South Padre, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. . Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of South Padre is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

14. Plaintiff City of Laguna Vista, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. . Its population was undercounted, which has resulted and will continue to result in the loss of federal

and state funds over the next decade than it would received had an accurate census been done.  Accordingly, the City of Laguna Vista is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

15. Plaintiff City of Los Fresnos, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done.  Accordingly, the City of Los Fresnos is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

16. Plaintiff City of Los Indios. Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. .  Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done.

9

Accordingly, the City of Los Indios is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

17. Plaintiff City of Primera, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. . Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Primera is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

18. Plaintiff City of Rancho Viejo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Rancho Viejo is suffering a legal

CitiPDF - www.texiis.com

wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

19. Plaintiff City of Rio Hondo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Rio Hondo is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

20. Plaintiff City of Combes, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted in the 2000 Census by at least 1,366 persons, or 34.9% of the total population of the City of Combes. Due to the differential undercount on the 2000 Census, the City of Combes will be shortchanged approximately $2,329,617 in federal funds and millions more in state funds over the next decade than it would received had an

CMPDF - www.fenrir.com

accurate census been done. Accordingly, the City of Combes is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

21. Plaintiff City of Indian Lake, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Indian Lake is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

22. Plaintiff City of Alamo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Alamo is suffering a legal wrong and is an aggrieved

party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

23. Plaintiff City of Alton, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Alton is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

24. Plaintiff City of Donna, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Donna is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial

interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

25. Plaintiff City of Edcouch, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Edcouch is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population

26. Plaintiff City of Edinburg, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data.  Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Edinburg suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of

disbursement of federal and state funds that are distributed on the basis of population.

27. Plaintiff City of Elsa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Elsa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

28. Plaintiff City of Granjeno, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Granjeno is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of

disbursement of federal and state funds that are distributed on the basis of population.

29. Plaintiff City of La Joya, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of La Joya is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

30. Plaintiff City of La Villa, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of La Villa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of

disbursement of federal and state funds that are distributed on the basis of population.

31. Plaintiff City of Mercedes, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Mercedes suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

32. Plaintiff City of Mission, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Mission is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

purposes of disbursement of federal and state funds that are distributed on the basis of population.

33. Plaintiff City of Palmview, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Palmview is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

34. Plaintiff City of Penitas, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Penitas is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

CIMPDF - www.texiss.com

purposes of disbursement of federal and state funds that are distributed on the basis of population.

35. Plaintiff City of Pharr, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Pharr is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

36. Plaintiff City of Progresso, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Progresso is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

purposes of disbursement of federal and state funds that are distributed on the basis of population.

37. Plaintiff City of Progresso Lake, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. . Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Progresso Lake is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

38. Plaintiff City of San Juan, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of San Juan is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

20

purposes of disbursement of federal and state funds that are distributed on the basis of population.

39. Plaintiff City of Sullivan, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Sullivan is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

40. Plaintiff City of Weslaco, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Weslaco is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the

purposes of disbursement of federal and state funds that are distributed on the basis of population.

41. Plaintiff City of Hidalgo, Texas is suffering from the adverse effect of the 1990 Census undercount and will suffer from the adverse effects of the undercount of its population from the inaccuracies of the 2000 Census, which resulted from the traditional methods used to collect the data. Its population was undercounted, which has resulted and will continue to result in the loss of federal and state funds over the next decade than it would received had an accurate census been done. Accordingly, the City of Hidalgo is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

42. Plaintiff Gilberto Hinojosa is the County Judge and as such is the presiding officer of the Cameron County Commissioners Court. He resides in Cameron County. Judge Hinojosa represents a majority-minority county, any of the residents of which are likely to be missed by the traditional enumeration methods used by the Census. As an elected official and policy maker, he has an interest and a right in accurate census data being made available for federal and state funding purposes. Judge Hinojosa is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes

of disbursement of federal and state funds that are distributed on the basis of population.

43. Plaintiff Eloy Pulido is the County Judge and as such is the presiding officer of the Hidalgo County Commissioners Court. He resides in Hidalgo County. Judge Pulido represents a majority-minority county, any of the residents of which are likely to be missed by the traditional enumeration methods used by the Census. As an elected official and policy maker, he has an interest and a right in accurate census data being made available for federal and state funding purposes. Judge Pulido is suffering a legal wrong and is an aggrieved party as a result of the unlawful actions of Defendants and has a substantial interest in having the statistically adjusted census data released for the purposes of disbursement of federal and state funds that are distributed on the basis of population.

44. Defendant Donald Evans is the Secretary of the Department of Commerce.

45. Department of Department of Commerce is a federal agency. The Bureau of the Census, which has the specific task of implementing the 2000 Census, is under the control of the Department of Commerce and Secretary Evans.

## GENERAL ALLEGATIONS

**Defendants Revoked Portions of 15 C.F.R. Part 101 Without Notice and Comment**

46. Three unlawful actions taken by Secretary Evans and the Department of Commerce are the subject of this litigation. First, Secretary Evans unlawfully promulgated a final rule on February 16, 2001 ("Evans Rule") purporting to revise and revoke, in part 15 C.F.R. Part 101. Second, on March 6, 2001 Secretary Evans, without authority, decided not to release statistically adjusted

23

census data, in violation of 13 U.S.C. §195, which requires, if feasible, the release of statistically adjusted census data for all purposes other than the apportionment of the House of Representatives.

47. On February 16, 2001, Donald Evans, the newly appointed Secretary of Commerce, issued a rule, without notice and comment, revoking the delegation of authority of the Director of the Census to make the final determination whether statistically adjusted figures should be released to the States and localities for redistricting purposes. The Evans Rule also removes 15 C.F.R. Part 101.2 in its entirety. Part 101.2(b) guaranteed that statistically adjusted census data would be released to the public even if the Director of the Census decided against its release. The Evans Rule, while immediately impacting the redistricting process, has had the effect of denying the Plaintiffs critical information needed for federal and state funding purposes.

48. Promulgation of the Evans Rule is final agency action for the purposes of the Administrative Procedure Act, is now effective after having been published in the Federal Register on February 23, 2001.

49. Pursuant to the Evans Rule, on March 6, 2001, Secretary Evans decided that the unadjusted Census data would be released and that the undercount figures would not be released.

50. The Evans rule is a substantive, or legislative rule that requires that tit be subject to a notice and comment period before it is promulgated and becomes effective. Moreover, the existing regulation at 15 C.F.R. 1010 that the Evans Rule purports to revoke are substantive, or legislative rules that cannot be

CIMPDF - www.fasoo.com

revoked until such revocation has been subject to a notice and comment period. There was no notice and comment period at all: Secretary Evans unilaterally issued a final rule that became effective upon publication in the Federal Register.

**Defendants' Decision To Not Release Statistically Adjusted Census Data Violates The Constraints Congress Placed on the Decision-maker's Discretion To Determine Whether or Not to Release Statistically Adjusted Census Data**

51.     Pursuant to 13 U.S.C. §195, except for apportionment of the House of Representatives, "the Secretary [of Commerce] shall, if he considers it feasible, authorize the use of the statistical method known as 'sampling' in carrying out the provisions of this title." This, if it is feasible to use statistically adjusted census data, the Secretary is mandated by Congress to do so.

52.     On March 1, 2001, pursuant to the Evans Rule, a committee of Senior Census Bureau career professionals (the "ESCAP") released its report on the methodology to be used in producing the tabulations of population to be reported to the States and localities under 13 U.S.C. §141(c), at the request of the Director of the Census Bureau. ESCAP also included in its report a recommendation as to whether adjusted census data should be released for the purposes of redistricting and has not been released the data for funding purposes.

53.     In its report, ESCAP concluded "[a]fter careful consideration of the data...that there is considerable evidence to support the use of adjusted data. and that Census 2000 and A.C.E. operations were well designed and conducted."

25

Further, ESCAP stated that A.C.E. was an "efficient and effective operation that produced high quality data. All major programs in the census were completed on schedule and within budget, and design improvements in both the Census 2000 and A.C.E produced measurably better results."

54.   Nonetheless, ESCAP recommended against the use of adjusted census data for redistricting. Rather than constrain its inquiry into whether or not to release the adjusted data solely on the basis of whether it was feasible to do so, as commanded by Section 195, ESCAP applied the wrong standard. It based its recommendation on the mistaken belief that the standard governing the decision was that unadjusted data should be released unless it could conclude to a certainty and beyond that adjusted data would be more accurate. ESCAP reasoned that it was "unable to conclude, based on the information available at this time, that the adjusted census data are more accurate for redistricting." ESCAP was very clear that its recommendation was "in no way a reflection of the weakness in data quality or in the quality of staff work." But since it could nor put to rest all "possible issues" on some aspects of the A.C.E. results, ESCAP incorrectly concluded that it could not make a "determination at this time that the adjusted data are more accurate" than the adjusted data, which ESCAP concedes still suffer from a significant differential undercount of minorities, immigrants, renters, and children.

55.   On March 1 2001, William Barron, Acting Director of the Census Bureau, concurred in and adopted ESCAP's recommendation and forwarded his recommendation and the ESCAP repost and recommendation to Secretary

**Disparate Treatment Violates Equal Protection**

59.     In 1990, Defendants undercounted minorities in higher percentages than non-
        minorities.  For Non-Hispanic Whites, the undercount was only 1.4%, as
        compared to 5.1% for members of minority groups; the vast majority of whom
        were Non-Hispanic Blacks and Hispanics.

60.     In Texas, Non-Hispanic Whites comprised 61% of the State's uncorrected
        population, whereas members of all minority groups combined comprised
        39%.   In contrast, Non-Hispanic Whites comprised 30% of the State's
        undercounted population, whereas members of all minority groups comprised
        70%. In numerical terms, the undercount consisted of 147,770 Non-Hispanic
        Whites and 338,258 members of minority groups.

61.     Unless reversed, Defendants' discriminatory undercount of Hispanic persons
        will continue to deprive Plaintiffs of their fair share and intended share of
        federal funding and will skew the allocation of revenues.  Accordingly, by
        excluding thousands of Hispanics, Defendants have deprived Plaintiffs of the
        resources they intended and entitled to receive.

**Defendants' Denial of the Freedom of Information Act Request is Unreasonable**

62.     Plaintiffs filed a Freedom of Information Act request on June 27, 2001.

63.     Defendant received the request on July 2, 2001.

64.     Under the Freedom of Information Act, Plaintiffs requested the statistically
        adjusted population figures (data adjusted for undercount) for the 2000 Census
        for Plaintiff jurisdictions.

65.     Defendant denied Plaintiff's FOIA request on the grounds that the data requested is "predecisional" and "deliberative" in nature, thereby falling within Exemption 5 of the FOIA, Title 5, U.S.C §552(b)(5).

66.     The Freedom of Information Act requires governmental agencies to disclose to the public any requested documents. Title 5, U.S.C. §552(a). The FOIA's purpose is to encourage disclosure. Any exemptions should be narrowly interpreted. *Assembly of the State of Cal. v. United States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir.1992) citing *Department of Justice v. Julian*, 486 U.S. 1, 8 (1988).

67.     In order for Defendants to assert Exemption 5, the statistically adjusted census data must be both "predecisional" and "deliberative." The statistically adjusted census data sought does meet the "deliberative" prong because it is simply numerical data, and therefore should be released to Plaintiffs as requested.

## CLAIMS FOR RELIEF

## COUNT I

## (Declaratory and Injunctive Relief)

## Failure to Follow the Notice and Comment Requirements of the APA

68.     Plaintiffs incorporate as if set forth in full herein paragraphs 1-66.

69.     Revocation of existing and duly promulgated provisions of 15 C.F.R. Part 101 without the requisite notice and opportunity to comment constitutes an action without observance of procedure by law. Further, it is arbitrary, capricious, an abuse of discretion and not in accordance with the law.

70. Plaintiffs are aggrieved by the violations of law alleged herein. Unless the Court issues a declaratory judgment resolving the legal issues with respect to the violations alleged, Plaintiffs will be substantially injured. Plaintiffs have no prompt, adequate and effective remedy at law and this action is the only means available to them for protection of their rights.

## COUNT II

### (Declaratory and Injunctive Relief)

### Decision made Without Authority and Outside the Scope of Discretion Afforded to the Agency by Congress

71. Plaintiffs incorporate as is set forth in full herein paragraphs 1-66.

72. Secretary Evans did not have the authority to make the decision whether or not to release the statistically adjusted census data because that authority had been delegated to the Director of the Census pursuant to 15 C.F.R. Part 1010, which despite Secretary Evans' purported revocation, was still valid and binding on Defendants. The making of this decision by him without authority is arbitrary, capricious, an abuse of discretion, and otherwise nor in accordance with the law.

73. Further, in making this decision, Secretary Evans ignored the constraints placed in his discretion (or that of his delagee) by Congress, as set forth in 13 U.S.C. §195, which requires that census data adjusted through statistical sampling must be released if feasible. Instead, Secretary Evans applied the erroneous standard that adjusted census data could be released only if it was proven beyond a reasonable doubt to be more accurate than unadjusted census

data.  His decision not to release statistically adjusted census data is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

74.    Plaintiffs are aggrieved by the violations of law alleged herein.  Unless the Court issues a declaratory judgment resolving the issues with respect to the violations alleged, Plaintiffs will be substantially injured.  Plaintiffs have no prompt, adequate and effective remedy at law and this action is the only means available to them for protection of their rights.

## COUNT III

### (Declaratory and Injunctive Relief)

### The Disparate Undercount Punishes Minorities in Violation of Equal Protection

74. Plaintiffs reallege paragraphs 1-66, as if set forth herein.

75. Defendants' undercount of minority persons constitutes government action that arbitrarily discriminates among similarly situated classes of persons and thereby violates the constitutional guarantee of equal protection.  In particular, the principal of equal protection prohibits the government from "discriminat[ing] between categories of qualified voters in a way that …is wholly arbitrary." *O'Brien v. Skinner*, 414 U.S. 524,530 (1970).

## COUNT IV

### (Declaratory and Injunctive Relief)

### The Freedom of Information Act entitle Plaintiffs to Obtain the Statistically Adjusted Census Data

83.    76.  Plaintiffs reallege paragraphs 1-66 as if set forth herein

31

CSHPDF - www.fasisa.com

84.    Defendants assertion that the statistically adjusted census data falls within Exemption 5 is not in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for preliminary and permanent injunctions, and demand declaratory judgment against the Defendants as follows:

a)  Declaring that the Evans Rule is invalid because it was not promulgated with notice and comment, as required under the Administrative Procedure Act, Is arbitrary and an abuse of discretion and is, therefore bull and void and of no effect;

b)  Declaring that Secretary Evans did not have the authority to make the final decision whether or not to release the statistically adjusted census data;

c)  Declaring that it is feasible to release the statistically adjusted data, and therefore, pursuant to 13 U.S.C. §195, such statistically adjusted census data must be released and deemed official census data for federal funding purposes;

e)  Enjoining Defendants from withholding the undercount figures for Plaintiff jurisdictions;

f)  Issuing a final judgment that adjusted census data or more accurate data developed in this proceedings, not unadjusted census data, shall be regarded as the official data for federal and state funding purposes only;

g)  Awarding costs, expenses and fees, including attorney's fees in this litigation; and

CHAPDF - www.fxsio.com

h) Ordering such further relief as the Court may deem just and proper.

Dated: _____

Respectfully Submitted,

BY: _____

ROLANDO L. RIOS
SBN: 16935900
FBN: 14370
GEORGE KORBEL
LAW OFFICES OF ROLANDO L. RIOS
MILAM BUILDING
115 E. Travis. Suite 1024
San Antonio, Texas 78205
Ph  (210) 222-2102
Fax (210) 222-2898
rios@world-net.net

JOSE GARZA
SBN: 07731950
FBN: 1959
1913 Fordham
McAllen, Texas 78504
Ph (956) 928-0088
garzpalm@aol.com
ATTORNEYS FOR PLAINTIFFS

C. DOUGLAS WRIGHT
SBN: 22024100
RICHARD O. BURST
SBN: 00785586
Legal Division Commissioners Court
Cameron County Courthouse
964 E. Harrison Street
Brownsville, Texas 78520
Ph  (956) 550-1345
Fax (956) 550-1345
igonzalez@co.cameron.tx.us
LOCAL   COUNSEL   FOR   CAMERON
COUNTY

GARY GURWITZ
SBN: 08631000
ADRIANA CARDENAS
SBN: 24001836
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
Ph  (956) 682-6109
Fax (956) 686-6109
ahc@atlashall.com
OF COUNSEL FOR HIDALGO COUNTY

JAMES E. DARLING
SBN: 05386000
McAllen City Attorney
P.O. Box 220
McAllen, Texas 78505
Ph  (956) 972-7000
Fax (956) 972-7138
jdarling@mcanet.net
OF  COUNSEL  FOR  THE  CITY  OF
MCALLEN

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the Plaintiffs' First Amended Complaint has been sent by First Class Mail on this 22nd day of August, 2001 to:

Mr. Thomas Millet, Esq.
Federal Programs Branch
United Stated Department of Justice
901 E. St. N.W.
Washington, D.C. 20530

By: _____

ROLANDO L. RIOS, ESQ.
ATTORNEY FOR THE
PLAINTIFFS

35