10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CAMERON COUNTY, TEXAS, et al.,
            Plaintiffs,

            v.                        C.A. No. B-01-082

DONALD EVANS, SECRETARY OF
COMMERCE, in his official
capacity; and UNITED STATES
DEPARTMENT OF COMMERCE,
            Defendants.
_____/

United States District Court
Southern District of Texas
FILED

SEP 1 1 2001

Michael N. Milby
Clerk of Court

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### First Defense

The Court lacks jurisdiction over Counts I-III because
plaintiffs lack standing.

### Second Defense

The Court lacks jurisdiction over Counts I-III because they
are not ripe.

### Third Defense

The Court lacks jurisdiction over Count I because it is
moot.

### Fourth Defense

The Court lacks jurisdiction over Count IV because
plaintiffs have failed to exhaust administrative remedies.

### Fifth Defense

All plaintiffs except the Counties of Cameron and Hidalgo
lack standing as to Count IV because none of them has made an
administrative request for documents.

<u>Sixth Defense</u>

Defendants respond to the numbered paragraphs of the First Amended Complaint as follows:

1.  This paragraph contains plaintiffs' characterization of this case and conclusions of law, not averments of fact to which an answer is required.  To the extent an answer is deemed required, denied.

2.  The first, second, third, fourth and sixth sentences of this paragraph contain conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.  The fifth sentence is denied, except to admit that the Census Bureau estimates that for the 1990 and 2000 Censuses, Hispanics were undercounted at a greater rate than some, but not all, racial groups.

3.  Admitted.

4-6.  Defendants lack sufficient information to form a belief as to the truth of the first three sentences of these paragraphs.  The fourth sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

7.  Defendants lack sufficient information to form a belief as to the truth of the first two sentences of this paragraph.  The third sentence contains conclusions of law and not averments of fact to which an answer is required, except that

-2-

CUSPDF - www.texbs.com

to the extent an answer is deemed required, denied

8-11.  Defendants lack sufficient information to form a belief as to the truth of the first three sentences of these paragraphs.  The fourth sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

12-19.  Defendants lack sufficient information to form a belief as to the truth of the first two sentences of these paragraphs.  The third sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

20.  Defendants lack sufficient information to form a belief as to the truth of the first three sentences of this paragraph. The fourth sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

21-41.  Defendants lack sufficient information to form a belief as to the truth of the first two sentences of these paragraphs.  The third sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

42.  Defendants lack sufficient knowledge to form a belief as to the truth of the first two sentences of this paragraph.  The remainder of this paragraph contains conclusions

-3-

of law and not averments of fact to which an answer is required,
except that to the extent an answer is deemed required, denied,
except to admit that Cameron County in a majority-minority
county.

43.   Defendants lack sufficient knowledge to form a belief
as to the truth of the first two sentences of this paragraph.
The remainder of this paragraph contains conclusions of law and
not averments of fact to which an answer is required, except that
to the extent an answer is deemed required, denied, except to
admit that Hidalgo County in a majority-minority county.

44.   Admitted.

45.   Admitted that the Department of Commerce and the Bureau
of the Census are federal agencies.  The remainder of this
paragraph contains plaintiffs' characterizations of Title 13 of
the U.S. Code, not averments of fact to which an answer is
required, and the Court is respectfully referred to that Title
for a full statement of its contents.

46.   This paragraph contains conclusions of law and
characterizations of this action, and not averments of fact to
which an answer is deemed required, except that to the extent an
answer is deemed required, denied.

47.   This paragraph contains plaintiffs' characterization of
15 C.F.R. § 101 and its predecessor rule, and the Court is
respectfully referred to the rule and its predecessor for a full

-4-

statement of their contents, except that defendants admit that
the current rule was issued on February 16, 2001, without prior
notice and opportunity for public comment.

48. This paragraph contains conclusions of law and not
averments of fact to which an answer is required, except that to
the extent an answer is deemed required, defendants admit that
the current rule is a final rule and was published in the Federal
Register on February 23, 2001.

49. Denied, except to admit that, on March 6, 2001,
Secretary Evans announced that census figures adjusted using the
A.C.E. would not be released to the states for their use in
redistricting.

50. The first two sentences of this paragraph contain
conclusions of law and not averments of fact to which an answer
is required, except that to the extent an answer is deemed
required, denied.  The last sentence is denied, except to admit
that there was no notice and comment period for the new rule.

51. The first sentence of this paragraph contains
plaintiffs' characterization of 13 U.S.C. § 195, and the Court is
respectfully referred to that section for a full statement of its
contents.  The second sentence contains conclusions of law and
not averments of fact to which and answer is required, except
that to the extent an answer is deemed required, denied.

52. Denied, except to admit that the ESCAP is composed of

-5-

Census Bureau career employees and that the ESCAP issued a
recommendation on whether adjusted data should be release to the
states for their use in redistricting.

53. This paragraph contains excerpts from, and plaintiffs'
characterization of, the ESCAP Report and the Court is
respectfully referred to that Report (contained at Exh. 4 to
Defendants' Motion to Dismiss or, in the Alternative, for Summary
Judgment, July 19, 2001) for a full statement of its contents.

54. The first sentence is admitted.  The remainder of this
paragraph contains plaintiffs' characterization of the ESCAP
Report (and the Court is respectfully referred to that Report for
a full statement of its contents) or conclusions of law, not
averments of fact to which an answer is required.  To the extent
an answer may be deemed required as to the conclusions of law,
denied.

55. The first sentence is admitted.  The remainder of this
paragraph contains plaintiffs' characterization of the Acting
Director's recommendation (and the Court is respectfully referred
to that recommendation for a full statement of its contents) or
conclusions of law, not averments of fact to which an answer is
required.  To the extent an answer may be deemed required as to
the conclusions of law, denied.

56. The first sentence is admitted.  The remainder of this
paragraph contains plaintiffs characterization of the Secretary's

-6-

decision (and the Court is respectfully referred to that decision for a full statement of its contents), not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

57.   The first sentence is admitted.  The second and fourth sentences contain plaintiffs' characterization of the ESCAP Report, Acting Director's recommendation, and Secretary's, and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.  The third sentence is denied.  The fifth sentence contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

58.   This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

59.   Denied.

60.   Admitted as to the 1990 Census.

61.   This paragraph contains plaintiffs' characterization of their claims, and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

62.   Admitted.

63.   Denied, except to admit that defendants received the request on June 27, 2001.

-7-

CAMPDF - www.testos.com

64.  Denied, except to admit that Cameron and Hidalgo counties requested such information for all plaintiff jurisdictions except the City of Hidalgo.

65.  Admitted.

66.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

67.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.[1]

68.  Defendants incorporate their responses to paragraphs 1-66, above.

69.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

70.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

71.  Defendants incorporate their responses to paragraphs 1-66, above.

72.  This paragraph contains conclusions of law and not

_____

[1] Defendants assume that plaintiffs omitted the word "not" from the second sentence and that planitffs intended to allege that the "adjusted census data does *not* meet the 'deliberative" prong...."

-8-

averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

73.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

74.  Defendants incorporate their responses to paragraphs 1-66, above.

75.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

76.  Defendants incorporate their responses to paragraphs 1-66, above.

The next numbered paragraph is 84 (The prior paragraph being numbered both 83 and 76).

84.  This paragraph contains conclusions of law and not averments of fact to which an answer is required, except that to the extent an answer is deemed required, denied.

The remainder of the complaint consists of plaintiffs' prayer for relief and not averments of fact to which an answer is required.

Defendants specifically deny each and every allegation of the First Amended Complaint not specifically addressed in this Answer.

WHERFORE defendants pray that this action be dismissed, that

-9-

plaintiffs take nothing by their First Amended Complaint, and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

STUART E. SCHIFFER
Acting Assistant Attorney General

GREGORY A. SERRES
United States Attorney

THOMAS MILLET
Attorney in Charge
D.C. Bar No. 294405
ANDREA COHEN
Attorneys, Civil Division
Department of Justice
901 E St., NW
Washington, D.C. 20530
Tel:(202) 514-3313
Fax:(202) 616-8202
Attorneys for Defendants.

## Certificate of Service

I hereby certify that Defendants' Answer to First Amended Complaint was served this 10th day of September, 2001, by placing it in Federal Express, overnight delivery to:

Rolando L. Rios
115 E. Travis
Suite 1024
San Antonio, TX 78205


THOMAS MILLET