United States District Court
Southern District of Texas
FILED

OCT 3 0 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

CAMERON COUNTY, TEXAS, et al.,
         Plaintiffs,

v.                                    C.A. No. B-01-082

DONALD EVANS, SECRETARY OF
COMMERCE, in his official
capacity; and UNITED STATES
DEPARTMENT OF COMMERCE,
         Defendants.
_____/

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(F)
## FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   Counsel met via telephone conference on October 18, 2001. Rolando Rios, Jose Garza and George Korbel represented plaintiffs. Thomas Millet represented defendants.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   <u>City of Los Angeles, et al v. Evans</u>, C.A. 01-1671 GAF(MCx) (C.D.Cal.) (decided April 25, 2001), <u>appeal pending</u>, No. 01-55986 (9th Cir.).

   <u>Margaret Carter, et al. v. United States Dept. of Commerce</u>, C.A. 01-868-RE (D. Oregon).

3.  **Specify the allegation of federal jurisdiction.**

    Plaintiffs allege federal question jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 551, et seq., the Census Act, 13 U.S.C. §195, the Declaratory judgment Act, 28 U.S.C. §§ 2201-02, the Freedom of Information Act, 5 U.S.C. §552(A), and the Fifth Amendment to the Constitution. See Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss and Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment.

4.  **Name the parties who disagree and the reasons.**

    Defendants Evans and Department of Commerce allege that this Court lacks jurisdiction over plaintiffs' first three claims because plaintiffs lack standing, their claim for access to adjusted census data for purposes of federal and state funding programs is not ripe, and their claim that the revocation of the delegation regulation is moot. See Defendants' Memorandum in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, pp.8-14. Defendants also allege that the court lacks jurisdiction over plaintiffs' fourth claim under the Freedom of Information Act for failure to exhaust administrative remedies. See Defendants Memorandum in Support of Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

5.  **List anticipated additional parties that should be included, when they can be included, and by whom they are wanted.**

    None.

6.  **List anticipated interventions.**

    None.

2

**7.    Describe class-action issues.**

None.

**8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures have not been made. Plaintiffs have served their initial requests for production, interrogatories, and requests for admissions and defendants have served their responses. Defendants have also filed a dispositive motion. In the event that this case is not disposed of on that motion, the parties will meet and confer on a plan to make initial disclosures and address other discovery matters following the denial of such motion(s).

**9.    Describe the proposed agreed discovery plan, including:**

**A. Responses to all matters raised in Rule 26(f).**

**B. When and to whom plaintiff anticipates it may send interrogatories.**

**C. When and to whom defendant anticipates it may send interrogatories.**

**D. Of whom and by when plaintiff anticipates taking oral depositions.**

**E. Of whom and by when defendant anticipates taking oral depositions.**

**F. When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

**G. List expert depositions the plaintiff (or the party with the burden of proof on an**

issue) anticipates taking and their anticipated completion date.  <u>See</u> Rule 26(a)(2)(b) (expert report).

**H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  <u>See</u> Rule 26(a)(2)(b) (expert report).**

Plaintiffs have served their initial requests for production, interrogatories, and requests for admissions and defendants have served their responses.  Defendants have filed a dispositive motion.  In the event that this case is not disposed of on that motion, the parties will meet and confer on a plan to make initial disclosures and address other discovery matters following the denial of such motion(s).

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

<u>See</u> answer to 9, above.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiffs have served their initial requests for production, interrogatories, and requests for admissions and defendants have served their responses

12. **State the date the planned discovery can reasonably be completed.**

<u>See</u> answer to 9, above.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Defendants have moved for judgment on the pleadings or for summary judgment.  Resolution of that motion may resolve all or part of this matter.  This case concerns whether defendants can be required to release data from Census 2000 which have been

4

statistically adjusted based upon the results of a sample survey. The parties do not believe that a negotiated settlement is possible.

**14.   Describe what each party has done or agreed to bring about a prompt resolution.**

<u>See</u> answer to 13, above.

**15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties do not believe that ADR would assist in the resolution of this case. The case involves a judgment by the Secretary of Commerce regarding the relative accuracy of statistically adjusted census data for the nation as a whole. The issues presented are best resolved by the Court.

**16.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiffs oppose trial by magistrate judge. The Defendants submit that whether any trial in this case should be before a magistrate judge is within the Court's discretion.

**17.   State whether a jury demand has been made and it was made on time.**

No jury demand has been made.

**18.   Specify the number of hours it will take to present the evidence in this case.**

Argument on defendants' motion, should the Court wish to hold argument, could be presented in 30 minutes per side. In the event that the case is not resolved on a dispositve motion, the parties recommend that matters of this nature be addressed at a subsequent pretrial conference.

5

**19.    List the pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment.

**20.    List other motions pending.**

None.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve special attention of . he Court at the conference.**

None.

**22.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

| | |
|---|---|
| Rolando Rios | Thomas Millet |
| SBN: 16935900 | D.C. Bar. No. 294405 |
| FBN: 14370 | Civil Division |
| George Korbel | Department of Justice |
| Law Offices of Rolando Rios | 901 E St., NW |
| 115 E. Travis | Washington, D.C. 20530 |
| Suite 1024 | Tel: (202) 514-3313 |
| San Antonio, TX 78205 | Fax: (202) 616-8202 |
| Tel:(210) 222-2102 | Tel:(202) 514-3313 |
| Fax:(210) 222-2898 | Attorney in charge for Defendants |
| Jose Garza | |
| SBN: 07731950, FBN: 1959 | |
| 1913 Fordham | |
| McAllen, Texas 78504 | |
| (956)343-0147 | |
| Attorneys in Charge for Plaintiffs | |

C. Douglas Wright
SBN: 22024100, FBN: 15516
Richard O. Burst
SBN: 00785586, FBN: 15515
Legal Division Commissioners Court
Cameron County Courthouse

ClibPDF - www.fastio.com

964 E. Harrison St.
Brownsville, Texas 78520
(956)550-1345, 956-550-1348 fax
Local Counsel for Cameron County

Gary Gurwitz
SBN: 08631000, FBN: 1194
Adriana H. Cardenas
SBN: 24001836, FBN: 22193
ATLAS AND HALL
P.O. Box 3725
McAllen, Texas 78502-3725
956-682-5501, 956-686-6109 fax
Of Counsel for Hidalgo County

James E. Darling
SBN: 05386000, FBN: 5400
McAllen City Attorney
P.O. Box 220
McAllen, Texas 78505-0220
Of Counsel for the City of McAllen

_Rolando Rios b.p._  Date: October 29, 2001
ROLANDO L. RIOS
Counsel for Plaintiffs


[telephonically approved - 10/29/01]  Date: October 29, 2001
THOMAS MILLET
Counsel for Defendants

7