19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2002

Michael N. Milby
Clerk of Court

CAMERON COUNTY, TEXAS, et al.,
    Plaintiffs,

v.    C.A. No. B-01-082

DONALD EVANS, SECRETARY OF
COMMERCE, in his official
capacity; and UNITED STATES
DEPARTMENT OF COMMERCE,
    Defendants.
_____/

<u>DEFENDANTS' MOTION FOR STAY PENDING APPEAL</u>

    Pursuant to Rule 62, Fed. R. Civ. P., defendants move for a stay of this Court's Order of January 28, 2002, to the extent that the Order requires defendants to provide documents to plaintiffs under the Freedom of Information Act. Defendants respectfully refer the Court to the attached memorandum for a full statement of the grounds for this motion.

                            Respectfully submitted,

                            ROBERT D. McCALLUM, JR.
                            Assistant Attorney General

                            GREGORY A. SERRES
                            United States Attorney

                            THOMAS MILLET
                            Attorney in Charge
                            D.C. Bar No. 294405
                            Civil Division
                            Department of Justice
                            901 E St., NW
                            Washington, D.C. 20530
                            Tel:(202) 514-3313
                            Fax:(202) 616-8202
                            Attorneys for Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CAMERON COUNTY, TEXAS, et al.,
        Plaintiffs,

v.                       C.A. No. B-01-082

DONALD EVANS, SECRETARY OF
COMMERCE, in his official
capacity; and UNITED STATES
DEPARTMENT OF COMMERCE,
        Defendants.
_____/

DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR STAY PENDING APPEAL

Statement of the Issues to be Ruled upon by the Court

Whether the Court's Order of January 28, 2002, requiring defendants to release the adjusted census data to defendants should be stayed pending appeal.

Summary of Argument

The Court's recent Order granting judgment on the pleadings to plaintiffs' on their Freedom of Information Act claim also orders defendants to provide them with the adjusted census data which are at the heart of all of plaintiffs' claims here. Compliance with that Order would terminate defendants' ability to seek appellate review by effectively mooting this case, as such disclosures, once made, cannot not be undone. To protect the irretrievable loss of defendants' appellate rights, the Court should enter a stay pending appeal. As shown below, defendants' motion easily meets the applicable standard for such relief. When faced with a similar issue during the appeal of an order

requiring the release of the adjusted data for the 1990 census under the FOIA, the Supreme Court mandated a stay pending appeal. <u>Assembly of the State of Cal.</u>, 501 U.S. 1272.[1]

Argument

The Court Should Stay Order
<u>Pending Appeal</u>

Rule 62, Fed. R. Civ. Pro., affords courts discretion to stay an injunction during the pendency of an appeal. In determining whether a stay should issue, courts consider (1) the likelihood that the party seeking a stay will prevail on the merits, (2) the likelihood of irreparable harm to the movant if the stay is denied, (3) the possibility of substantial harm to others resulting from the stay, and (4) the public interest in granting the stay. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987); <u>Beverly v. United States</u>, 468 F.2d 732, 740-41, n. 13 (5th Cir. 1972). In applying these factors, the Fifth Circuit has held that a moving party "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." <u>Ruiz v. Estelle</u>, 650 F.2d 555, 565 (5th Cir. 1981). The Fifth Circuit has also held that the seriousness of the legal question presented should be measured by the potential for a broad impact outside the private interests of the

---

[1] The undersigned counsel has conferred with counsel for plaintiffs who did not agree to defendants' motion.

litigants, not the strength of the movant's case. Thus, a legal question presented in a private contract dispute is not a serious legal issue, while a matter of broad public import is sufficiently weighty to be deemed a serious legal question for purposes of a stay pending appeal. <u>Wildmon v. Berwick Universal Pictures</u>, 983 F. 2d 21, 24 (5th Cir. 1992); <u>United States v. Baylor University Medical Center</u>, 711 F.2d 38, 39 (5th Cir. 1983).

Plaintiffs cannot deny that this case presents a serious legal issue under this standard. Indeed, plaintiffs' stated purpose in seeking the release of the adjusted census data in this case is to affect the allocation of large sums of public funds. <u>See</u>, <u>e</u>.<u>g</u>., First Amended Complaint, ¶ 4 (Cameron County alleges potential loss of over $75 million). This case involves important questions of public policy concerning access to the results of an extensive series of scientific inquiries, calculations, and evaluations which the Census Bureau experts have deemed too unreliable for public use. Plaintiffs nevertheless seek to obtain those results for their use in public decisionmaking. Thus, the legal questions here clearly will reverberate beyond the private interests of ordinary litigants and, under <u>Baylor</u> and <u>Wildmon</u>, are serious legal issues for purposes of this motion.

A. <u>The Balance of Equities Mandates A Stay</u>

3

The irreparable harm to the Secretary if he must release the adjusted census data is self-evident and indisputable: once the data have been disclosed, not only will any petition for further review be moot, but the status quo can never be restored. Thus, in addition to the harms to the processes of the Census Bureau outlined by Principal Associate Director Thompson in his prior declaration, defendants would be irretrievably harmed by losing their right to seek appellate review. For that reason alone, courts have routinely granted stays pending further review in the context of orders to disclose information pursuant to FOIA. John Doe Agency v. John Doe Corp., 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers, granting stay as Circuit Justice for the Second Circuit); Martin v. IRS, 857 F.2d 722, 724 (10th Cir. 1988); Taylor v. Department of the Army, 684 F.2d 99, 102 (D.C. Cir. 1982); Providence Journal v. Federal Bureau of Investigation, 595 F.2d 889 (1st Cir. 1979). Indeed, in virtually identical circumstances concerning a FOIA request for the adjusted results for the 1990 census, the Supreme Court ordered that a district court's order requiring disclosure of the adjusted data be stayed pending resolution of the pending appeal to the Ninth Circuit. See Assembly of the State of Cal., 501 U.S. 1272.

While the denial of a stay in this case will "entirely destroy [the Secretary's] right to secure meaningful review,"

4

Providence Journal, 595 F.2d at 890, the requested stay will result in little, if any, harm to plaintiffs or the public interest. The stay the Secretary requests will postpone release of the data only until the Secretary has sought appellate review. Thus any harm to Plaintiffs or the public interest occasioned by delay in release of the data would be relatively slight. See Providence Journal, 595 F.2d at 890 (recognizing that harm to plaintiffs would be relatively slight because "the granting of a stay will be detrimental to the [plaintiffs] (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure" by the time it would take for the court of appeals to decide).[2]

Moreover, as this Court held in ruling that plaintiffs lacked standing, the existence of any harm to plaintiffs is wholly speculative. Jan. 30, 2002 Order, p. 7. While plaintiffs' sole claim of injury in this case is a feared shortfall in future public funding programs which allocate funds

---

[2] That any delay will not significantly harm plaintiffs is underscored by their actions in this case. While the Court's order grants them judgment on the pleadings sua sponte, plaintiffs at no time filed their own motion or otherwise sought to expedite the review of their FOIA claim. Indeed, plaintiffs did not even make their first FOIA request of defendants until June 27, 2001, well over a month after filing this action. DiGiacomo Declaration, Exh. 2 to Def. Mot. for Judgment on Pleadings (Sept. 11, 2001). Once filed here, plaintiffs never moved for relief on this claim and, instead, asked only for a trial on the merits. Pl's Response to Def. Mot. for Judgment on Pleadings, (Oct 1, 2001).

on the basis of population, plaintiff's inability to show a gain in relative population share and the now-proven errors in the adjusted data make their claimed harms speculative, if not completely incredible.

Further, considerations of the public interest also favor the limited stay sought here. Release of the adjusted census calculations would result in two competing and seemingly complete sets of census data in the public eye, one of which has been conclusively determined to be too unreliable for any legitimate use. The potential for public confusion and the possibility that public decisions will be based on data with known flaws is very real if the data are released before defendants have exhausted their appellate rights.

B. <u>Defendants Have A Sufficient Likelihood of Success</u>

As noted above, the existence of a serious legal question here is unquestionable and defendants, therefore, need only show "a substantial case on the merits" in order to prevail on this motion. <u>Baylor</u>, 711 F.2d at 39. Whether under this test or the traditional notions of likelihood of success, however, defendants' case on the merits of the FOIA claim is sufficient to warrant a stay, particularly in light of the balance of harms discussed above. Defendants will not repeat their prior argument on this matter and incorporates them by reference. For purposes of the present motion, however, two additional factors are significant.

First, the underlying question of whether adjusted census data are exempt from disclosure under the FOIA has, thus far, been presented only to two appellate courts. <u>Assembly of the State of California v. Dept. of Commerce</u>, 968 F.2d 916 (9th Cir. 1992); <u>Florida House of Representatives v. Dept. of Commerce</u>, 961 F.2d 941 (11th Cir.), <u>cert. dismissed</u>, 506 U.S. 969 (1992). The two courts reached opposite results. The existence of an appellate split demonstrates that the issues raised by defendants here are sufficiently meritorious to mandate a stay.[3]

Second, the 1990 experience differed in a material way from that in 2000 in that, by 1991, defendants had already released not only national adjusted estimates, but also adjusted estimates at state, city, and county levels, and adjusted block-level estimates (the level at issue here) for half of the census blocks. <u>See Assembly</u>, 968 F.2d at 923; <u>Florida House</u>, 961 F.2d at 947. By contrast, defendants here have only publically discussed 2000 adjusted estimates at the national level. The broader disclosures available in the 1990 census thus had already opened up the agency's decisionmaking processes to public scrutiny in a way not presented here before the matter even reached litigation. That the process for the 2000 involved substantially less prior disclosures of adjusted data can only

---

[3] Indeed, the Supreme Court has identified the existence of such a split as characteristic of the type of case appropriate for Supreme Court review. Rule 10(a), Sup. Ct. R.

7

serve to the benefit of defendants' position here.

## Conclusion

For the foregoing reasons, defendants' motion for a stay pending appeal should be granted.[4]

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

GREGORY A. SERRES
United States Attorney

THOMAS MILLET
Attorney in Charge
D.C. Bar No. 294405
Civil Division
Department of Justice
901 E St., NW
Washington, D.C. 20530
Tel:(202) 514-3313
Fax:(202) 616-8202

Attorneys for Defendants.

---

[4] Should the Court choose to deny this motion, defendants alternatively request the Court to enter a limited stay to allow them the opportunity to seek interim relief from the Court of Appeals.

8

## Certificate of Service

I hereby certify that the foregoing was served this 5th day of February, 2002, by Federal Express to:

Rolando L. Rios
115 E. Travis
Suite 1024
San Antonio, TX 78205

_____
THOMAS MILLET