IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
OCT 0 1 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| CAMERON COUNTY, TEXAS et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. B-01-082 |
| § | |
| DONALD EVANS, Secretary of the § | |
| Department of Commerce, et al., § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED that on September 30, 2003, the Court **GRANTED in part** Plaintiffs' Application For Attorney Fees And Costs [Dkt. No. 30].

### I.  Background

This case arises out of a decision by Secretary of Commerce Donald Evans not to release certain adjusted census data figures relating to the 2000 Census. Plaintiffs, who are Texas counties, cities, and presiding officers of County Commissioners' Courts, filed this action on May 10, 2001, challenging the Secretary's decision not to use adjusted data in calculating population for Hidalgo and Cameron Counties and several cities within those counties. Plaintiffs brought this action against the Department of Commerce and Secretary of Commerce Donald Evans under the Administrative Procedure Act, Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Freedom of Information Act. In their amended complaint, Plaintiffs also contended that the denial of their request for the statistically adjusted population figures violated the Freedom of Information Act ("FOIA"). They further asked the Court to enjoin the Defendants from withholding undercount figures from them, as well as for an award of attorneys' fees, costs, and expenses.

Defendants moved for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative for summary judgment, on all claims except the FOIA claim.

Defendants argued first that the claims are not justiciable because the Plaintiffs have no standing, and the claims are both moot and not ripe. Defendants also moved for judgment on the pleadings, or in the alternative, for summary judgment on the FOIA claim, asserting that any documents requested under FOIA are not to be disclosed to Plaintiffs under Exception 5 to FOIA, which applies to documents that are "predecisional and deliberative."

On January 30, 2002, this Court entered an order dismissing all of Plaintiffs' claims except for the FOIA requests which the Court granted. The Court further ordered the adjusted data released. Defendants appealed. Defendants also appealed from a similar ruling in the United States District Court for the District of Oregon. *See Carter v. U.S. Dep't of Commerce*, 186 F. Supp.2d 1147 (D. Or. 2001). The Ninth Circuit heard the case and affirmed the district court's ruling before the Fifth Circuit addressed the appeal in this case. *See Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, (9th Cir. 2002). Having been ordered to disclose and having actually disclosed the adjusted data to the plaintiffs in the Ninth Circuit case, Defendants dismissed their Fifth Circuit appeal. The case is now before the Court on Plaintiffs' application for an award of attorneys' fees and costs.

II.   **Discussion**

Plaintiffs request attorneys' fees and costs. FOIA permits the Court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Plaintiffs are eligible for fees and costs if they substantially prevailed. A party has "substantially prevailed" if, first, prosecution of the action was reasonably necessary to obtain the information and, second, the action had a substantial causative effect on the delivery of the information. *See Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980). Once eligible, Plaintiffs must satisfy other factors to be entitled to an award of fees and costs. Those factors are within the Court's discretion and include: (1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a

2

reasonable basis in law. *See, e.g., Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978); *State of Tex. v. I.C.C.*, 935 F.2d 728, 730 (5th Cir. 1991).

### A. Plaintiffs Are Eligible and Entitled to Attorneys' Fees and Cost under FOIA

#### 1. Eligibility

The government does not argue that Plaintiffs did not prevail on their claim. The Court finds Plaintiffs substantially prevailed because without initiating this litigation Plaintiffs would not have received the adjusted data and this case had a substantial causative effect in the government producing the adjusted data. *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980).

#### 2. Entitlement

##### a. The Benefit to the Public Deriving from the Case

Plaintiffs argue that and produce evidence of how the disclosure of adjusted data have already added to the fund of information available to citizens making political choices. *See* Dkt. No. 34, p.4 (listing news articles regarding use of adjusted data). Defendants, on the other hand, argue that the adjusted data they produced are flawed, likely to confuse the public, and not the result of agency fraud or wrongdoing.

It is true that every successful FOIA plaintiff acts in some degree for the benefit of the public, "both by bringing government into compliance with the FOIA disclosure policy and by securing for the public at large the benefits assumed to flow from the public disclosure of government information;" however, this factor takes into "account the degree of dissemination and likely public impact that might be expected from a particular disclosure." *Blue*, 570 F.2d at 533-34 (citations omitted). "Thus the factor of 'public benefit' does not particularly favor attorneys' fees where the award would merely subsidize a matter of private concern; this factor rather speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Id.* at 534.

In one case, the Fifth Circuit stated in *dicta* that "if the documents sought in an FOIA action fail to evidence any fraud or wrongdoing by the agency, there is little benefit in their disclosure, at least where as here there was no independently generated

3

cloud of suspicion to be dissipated." *See State of Texas v. I.C.C.*, 935 F.2d 728 (5th Cir. 1991). Subsequent to *State of Texas v. I.C.C.*, courts in the Fifth Circuit have awarded attorneys' fees without requiring the prevailing plaintiff prove fraud or wrongdoing on the part of the agency. *See, e.g., Claudio v. Social Sec. Admin.*, NO. CIV. A. H-98-1911, 2000 WL 33379041 (S.D. Tex. May 24, 2000).

> The Government had a reasonable basis in law for withholding some of the documents and the Court has determined that the contested documents were properly withheld pursuant to the deliberative process and privacy exemptions under FOIA. Nor has Claudio alleged that the Government withheld the documents in bad faith. Nevertheless, the Government's action in not delivering the majority of the documents until after suit was filed and in failing to provide a *Vaughn* Index until after ordered to do so by the Court makes this Court inclined to use its discretion to award attorneys' fees in this case. Accordingly, in the Court's discretion, Claudio should be awarded attorneys' fees and his motion is GRANTED.

*Id.* at *11. The vast majority of courts, in the Fifth Circuit and elsewhere, do not require a showing of fraud or wrongdoing as a requirement for awarding attorneys' fees to prevailing FOIA plaintiffs; however, if fraud or wrongdoing is shown, fee awards are generally granted.

The Court finds Plaintiffs have demonstrated that the disclosed information does indeed add to the fund of public information and has already been widely disseminated. The adjusted data are the type of information scholars and researchers will use to better understand population and census taking. The adjusted data will also benefit local and state governments' ability to make decisions based on population. This factor weighs in favor of awarding attorneys' fees and costs.

      **b.**     **The Commercial Benefit to the Complainant and the Nature of the Complainant's Interest in the Records Sought**

The second and third criteria for attorneys' fee awards, "the commercial benefit to the complainant and the nature of his interest in the case," encompasses a preference for public interest groups, indigents and disinterested scholars over private

commercial enterprises' efforts for disclosure. *See Blue*, 570 F.2d at 534. The economics of litigation prevents these plaintiffs from bringing a lawsuit whereas commercial plaintiffs have both the self-interest and financial backing to bring a FOIA action.

Local governments (including Plaintiffs), citizens, scholars, and political bodies have an interest in the adjusted data. Whether the federal government will reallocate funds does not determine the interest various individuals, organizations, or government bodies have in the adjusted data. Rather, the numbers themselves and their relationship to the released census are of interest. Defendants make much of Plaintiffs admission that they will attempt to use the adjusted data for their benefit. Regardless of the potential benefits they may receive, Plaintiffs are akin to the public interest groups Congress intended would be able to recoup attorneys' fees. This factor weighs in favor of awarding fees and costs.

### 3. Whether the Government's Withholding of the Records Had a Reasonable Basis in Law

"The fourth and last criterion, 'whether the government's withholding of the records sought had a reasonable basis in law,' suggests that attorneys' fees would be favored if an agency's nondisclosure was designed to avoid embarrassment or thwart the requester." *Id.* Defendants argue the Department of Commerce had a reasonable basis for withholding the adjusted data because there was no Fifth Circuit authority on point, there was a circuit split between the Ninth and Eleventh Circuits on the FOIA issue in this case, and the circuit split in itself created ground for review by the United States Supreme Court. *Compare Florida House of Representatives v. U.S. Dep't of Commerce*, 961 F.2d 941, 950 (11th Cir. 1992) (holding FOIA does not require disclosure of adjusted census data), *with Assembly of the State of California v. U.S. Dep't of Commerce*, 968 F.2d 916 (9th Cir. 1992) (holding FOIA requires disclosure of adjusted census data).

The Court rejects the government's argument. In *Florida House of Representatives v. U.S. Dep't of Commerce*, the Eleventh Circuit held that the 1990 adjusted data were policy recommendations protected from disclosure under

Exemption 5. Plaintiff sought and the United States Supreme Court granted *certiorari*. Several months later, in *California Assembly*, 968 F.2d at 922 n.3, the Ninth Circuit considered and rejected the rationale of the Eleventh Circuit. Not only did the government elect not to seek Supreme Court review of *California Assembly*, it agreed to dismiss *certiorari* in the Florida case following the Ninth Circuit's decision and then released the 1990 adjusted data. This sequence of events parallels the litigation in this Court and the Oregon district court and exposes Defendants' ultimate view of their case.

The "circuit split" is solely of the Defendants' making; Defendants had ample opportunity to have the Supreme Court review either or both of the Ninth and Eleventh Circuit decisions and could have sought Supreme Court review of the Ninth Circuit decision in *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084 (9th Cir. 2002). On the whole, the Court is inclined to use its discretion to award attorneys' fees in this case.

### B.   Amount of Attorneys' Fees

Next, the Court calculates the appropriate attorneys' fee. The lodestar approach conceived in *Johnson* is favored generally because it lends a degree of objectivity and certainty to the assessment of fees. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993). The lodestar is reached by multiplying the number of hours reasonably expended by the applicable hourly market rate for legal services. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). In addition, the Fifth Circuit requires an analysis of the "*Johnson* factors" in each case before fees can be calculated. *See, e.g., Nisby v. Court of Jefferson Cty.*, 798 F.2d 134, 137 (5th Cir. 1986) (reversing award because court did not address "applicability of each of the Johnson factors").

The *Johnson* factors include (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; and (12) awards in similar cases. These factors may bear

on the market rate or on whether the hours were reasonably spent and may be a basis for adjusting the lodestar. See Hensley at 434. Utilizing these factors, the Court may make downward adjustments, e.g. for incomplete success, and in rare cases, upward adjustments, e.g. based on exceptional results. Compare Pressley v. Haeger, 977 F.2d 295, 298 (7th Cir. 1992), with Shipes v. Trinity Indus., 987 F.2d 311, 322 (5th Cir. 1993). A failure to consider the Johnson factors constitutes an abuse of discretion. Riddell v. National Democratic Party, 712 F.2d 165 (5th Cir. 1983).

Plaintiffs presented evidence that in this case that Rolando Rios and Melissa Castro, a partner and associate respectively in the Law Offices of Rolando L. Rios, and Jose Garza of the Law Offices of Jose Garza were employed to work on this case. Mssrs. Rios and Garza applied for an hourly rate of $325; Ms. Castro applied for an hourly rate of $150. Plaintiffs document more than 759 hours spent on the issues related to this case. Plaintiffs' counsel submit time records in the form of block billing consisting of the date on which work was performed; a description of all the tasks performed on a particular day including such things as review of documents, legal research, meetings with client, travel and other general preparation; and the total number of hours worked that day. Plaintiffs seek $209,047.50 in attorneys' fees and $12,190.73 in litigation costs.

Defendants respond that Plaintiffs' motion requests fees in a conclusory fashion with none of the detail that a Court might expect from attorneys asking for substantial attorney's fees and that Plaintiffs have not adequately demonstrated the reasonableness of their hourly rate. Defendants also argue that Plaintiffs are not entitled to fees for work performed on their non-FOIA claims. Lastly, Defendants argue that the application contains numerous improper charges. Generally, the Court agrees that there are deficiencies in the Plaintiffs' application.

Plaintiffs have the burden of providing appropriate documentation of the hours spent to establish the lodestar. The Court finds the number of hours expended on this case, over 759 hours, excessive considering the allegations in the complaint. Hours that, even though actually expended, are "excessive, redundant, or otherwise unnecessary" or that result from a case being "overstaffed" are not hours "reasonably

expended" and must be excluded from an award of attorneys fees. *See Hensley* v. *Eckerhart*, 461 U.S. at 434. Moreover, the Court finds that Plaintiffs' counsel have not produced sufficient evidence that their hourly rates are in accordance with the customary fees for work of comparable quality in the Brownsville legal community. Rather, Plaintiffs rely on orders in other district courts in Texas for the proposition that $325 is reasonable. Plaintiffs do not satisfy their burden.

Applying the remaining *Johnson* factors to the claims in this case, the Court finds Plaintiffs did not keep or provide the Court with detailed accounts of the time devoted to the preparation of this case. The amount billed by Plaintiffs' counsel exceeded the time and labor required to prosecute what was essentially a legal claim. While the issues were not novel there was some legal contention about the state of the law. Plaintiffs' case did require a fair amount of legal skill. Plaintiffs' counsel's preoccupation with this case precluded involvement by all attorneys concerned with other business. The firms representing Plaintiffs negotiated a mixed fee, part fixed and part contingent, with Plaintiffs. There were no special or unique time restrictions in this case. The relief sought in this case was primarily, if not entirely, injunctive, and Plaintiffs were successful in obtaining the withheld information. Counsel's experience, reputation, and ability are not questioned. Like any other case against the government, this case was undesirable to some degree. There is nothing in the record regarding the nature or tenure of the relationship between Plaintiffs and their counsel. Finally, and perhaps most importantly, the Court is aware of Defendants' stipulated agreement to pay attorneys' fees and costs of more than $110,000 in the parallel case in Oregon. *See* Attachment A.

It does appear that the services, if not the hours, for which Plaintiffs' counsel seek compensation were reasonable and necessary for the preparation of Plaintiffs' case. However, because Plaintiffs submit time records consisting of block billing, it would be impossible for the Court to determine the exact number of hours spent on permissible work, travel, lobbying or any other task, legitimate or not. Thus unable to parse out the exact number of reasonable hours counsel billed, the Court must reduce the overall award of fees.

Additionally, the Court finds the expenses incurred by Plaintiffs' counsel to have been reasonable and necessary for the preparation and handling of this case.

Based on these findings, the Court adjusts downward by fifty percent (50%) the recoverable fees in this case. The Court awards the following fees and expenses:

| | |
|---|---|
| Attorneys' fees | $104,523.75 |
| Expenses | $ 12,190.73 |
| Total | $116,714.48 |

### III. Conclusion

ACCORDINGLY, it is ORDERED that Plaintiffs recover from Defendants their legal fees and costs incurred in the preparation and trial of this case in the amount of $116,714.48.

DONE at Brownsville, Texas, this 30th day of September 2003.

Hilda G. Tagle
United States District Judge

Attachment A



ROBERT D. McCALLUM, JR.
Assistant Attorney General
ELIZABETH J. SHAPIRO
JOSEPH W. LOBUE
United States Department of Justice
20 Massachusetts Ave., N.W., Rm. 7300
Washington, D.C. 20530
Telephone: (202) 514-4640
Facsimile: (202) 616-8470
Joseph.LoBue@usdoj.gov

MICHAEL W. MOSMAN, OSB #87111
United States Attorney
JUDITH D. KOBBERVIG
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1009
Facsimile: (503) 727-1117
judy.kobbervig@usdoj.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **MARGARET CARTER** and **SUSAN CASTILLO**, | ) ) ) | Case No. CV 01-868-RE |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **UNITED STATES DEPARTMENT OF COMMERCE**, | ) ) ) ) | **STIPULATION OF COMPROMISE AND SETTLEMENT OF PLAINTIFFS' CLAIMS FOR ATTORNEY'S FEES AND COSTS** |
| Defendant. | ) ) | |

Subject to approval of the Court, the parties in this action hereby stipulate and agree as follows:

1. On November 26, 2001, this Court entered judgment in favor of plaintiffs in this action under the Freedom of Information Act, 5 U.S.C. § 552. On October 8, 2002, the Court's judgment was affirmed by the United States Court of Appeals for the Ninth Circuit. Subsequently, on December 16, 2002, the Ninth Circuit granted plaintiffs' motion to transfer consideration of attorney's fees to this Court.

2. On February 24, 2003, the Court signed a Stipulation and Proposed Order which extended the deadline for plaintiffs to file a motion for attorneys' fees, bill of costs, or other related pleadings through and including March 26, 2003.

3. The parties have now reached an agreement to compromise and settle all claims against Defendant for attorney's fees, costs and expenses in this litigation (including all proceedings in both this Court and in the United States Court of Appeals) for $110,289.00, which sum shall be payable as follows:

(a) a payment of $100,000.00 shall be made to the law firm of Ropes & Gray, 1301 K Street, N.W., Suite 800, Washington, D.C. 20005; and

(b) a payment of $10,289.00 shall be made to the law firm of Ater Wynne LLP, 222 SW Columbia, Suite 1800, Portland, Oregon 97201-6618.

4. Payment of the amounts described in paragraph 3 of this Stipulation shall constitute full satisfaction of any and all obligations of the United States for attorney's fees, costs and expenses in this litigation under 5 U.S.C. § 552(a)(4)(E) and any other provision of law authorizing an award of attorney's fees and costs. In consideration of the payments described in paragraph 3 above,

plaintiffs, and each of them, hereby waive, forego, and forever discharge the United States, the United States Department of Commerce, and their agents, employees, successors and assigns, from any and all liability for attorney's fees, litigation costs, or any other expenses of any kind that have been or may be incurred in connection with this litigation.

It is SO ORDERED.

Dated: _____  _____
UNITED STATES DISTRICT JUDGE

Page 3 - Stipulation of Compromise and Settlement

AGREED:

| | |
|---|---|
| ATER WYNNE LLP<br>LORI IRISH BAUMAN<br>222 SW Columbia, Suite 1800<br>Portland, Oregon 97201<br>Tel: (503) 226-1191<br>Fax: (503) 226-0079<br><br>By: _____<br>Lori Irish Bauman (OSB #871617)<br><br>ROPES & GRAY<br>DAVID O. STEWART<br>THOMAS M. SUSMAN<br>1301 K Street, N.W., Suite 800 East<br>Washington, D.C. 20005<br>Tel: (202) 626-3900<br>Fax: (202) 626-3961<br><br>By: _____<br>Thomas M. Susman<br><br>Attorneys for Plaintiffs | ROBERT D. McCALLUM, Jr.<br>Assistant Attorney General<br><br>MICHAEL MOSMAN<br>United States Attorney<br><br>_____<br>ELIZABETH J. SHAPIRO<br>JOSEPH W. LOBUE<br>Attorneys<br>United States Department of Justice<br>20 Massachusetts Ave, N.W., Rm 7300<br>Washington, D.C. 20530<br>Telephone: (202) 514-4640<br><br>JUDITH D. KOBBERVIG<br>Assistant United States Attorney<br>1000 S.W. Third Avenue, Suite 600<br>Portland, Oregon 97204-2902<br>Telephone: (503) 727-1009<br>Attorneys for Defendant |

Page 4 - Stipulation of Compromise and Settlement